## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ALI A. KARIM ALADIMI,
    Plaintiff

vs

SHERIFF RICHARD K. JONES, et al.,
    Defendant

Case No. 1:08-cv-810
Barrett, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a former inmate at the Butler County Jail in Hamilton, Ohio, brings this civil rights action under 42 U.S.C. § 1983. The remaining defendant in this action is Butler County Jail physician William Rogers, M.D. Plaintiff alleges that defendant Rogers was deliberately indifferent to his serious medical needs in violation of his constitutional rights. This matter is before the Court on defendant's motion for summary judgment (Doc. 18), plaintiff's memorandum in opposition thereto (Doc. 24), and defendant's reply memorandum. (Doc. 26).

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.*, 477 U.S. at 323.

In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d

1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## I. FACTS

The evidence in this matter consists solely of the affidavits of plaintiff and defendant. Plaintiff states that shortly before being held in pretrial detention at the Butler County Jail, he was involved in a car accident which caused him "to suffer from back pain that was at times debilitating." (Doc. 24, Exh. 1, ¶3). Plaintiff avers that while he was held in the Butler County Jail, he was seen by Dr. William Rogers. *Id.*, ¶4. Plaintiff's affidavit states:

2

> As Dr. Rogers was a medical doctor and was, in fact, professionally responsible for my medical care and treatment, I repeatedly made him aware that I was suffering from a great deal of back pain as a result of a car accident, that I was an indigent prisoner, and that I required treatment for that back pain.
>
> Dr. Rogers generally refused to prescribe even simple over-the-counter pain relievers to alleviate my needles suffering stating that my inability to afford such pain relievers at the jail commissary wasn't his problem.
>
> As a result of Dr. Rogers' refusal to prescribe simple pain relievers for me, I suffered a great deal of physical pain while I was held at the Butler County Jail.

(Doc. 24, Exh. 1, ¶¶5-7).

Defendant's affidavit states that he is a licensed medical doctor and spends at least 75% of his professional time in the clinical practice of medicine. (Doc. 18, Exh. A, ¶¶1-2). Defendant states he treated plaintiff while he was an inmate at the Butler County Jail from November 2007 through January 2008, the relevant time period of this litigation. (Doc. 18, Exh. A, ¶3). Dr. Rogers states:

> At no time did I refuse to diagnose and treat any medical conditions of Plaintiff, including his complaints of back pain. When medical (sic) necessary and reasonable, Plaintiff was provided with medications, including Ibuprofen.
>
> \*
> \*
> \*
>
> At no time did Plaintiff have any acute medical conditions related to his back pain, such as a herniated disc that required immediate treatment prior to his release from the Butler County Jail. There was never any substantial risk of serious harm to plaintiff from the medical perspective from the care and treatment he was receiving from me at the Butler County Jail. There would be no detrimental effect to delaying any kind of treatment not readily available at the Butler County Jail until after Plaintiff was released from incarceration.

(Doc. 18, Exh. A, ¶¶4, 6). Dr. Rogers opines he met the standard of care for his care and treatment of plaintiff. *Id.* at ¶8.

3

## II. DELIBERATE INDIFFERENCE STANDARD

"Pretrial detainees have a right under the Fourteenth Amendment to adequate medical treatment, a right that is analogous to the right of prisoners under the Eighth Amendment." *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009) (quoting *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005) (citing *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001)). In order to establish his claim for relief under 42 U.S.C. § 1983[1] for a denial of medical care, plaintiff must present evidence showing "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *See also Spears*, 589 F.3d at 254.

An inmate who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. *Id*; *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Such a claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seizer*, 501 U.S. 294, 297-300 (1991). *See also Spears*, 589 F.3d at 254.

The objective component requires that the deprivation alleged be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 298). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seizer*, 501 U.S. 294, 298 (1991)

---

[1] For purposes of the motion for summary judgment, the Court assumes, without deciding, that defendant Rogers was a person acting under of color of state law when he treated plaintiff. *See West v. Atkins*, 487 U.S. 42, 57 (1988) (physician who contracted with state to furnish medical services to inmates within confines of prison was acting "under color of state law for purposes of § 1983" when he treated inmate).

4

(citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994).

Under the subjective component, plaintiff must establish that defendant Rogers acted with deliberate indifference to his serious medical needs, *Estelle*, 429 U.S. at 106; *see also Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 302-303, which requires evidence that defendant ignored a known risk of harm. *Farmer*, 511 U.S. at 837, 842. A prison official may be held liable for denying an inmate humane conditions of confinement only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than lack of due care for a prisoner's health or safety before an Eighth Amendment violation will be found. *Id.* at 835. *See also Whitley*, 475 U.S. at 319. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.* Moreover, liability will not be found where a prison official actually knew of a substantial risk of harm to an inmate if he responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844. Applying these standards to the instant case, the Court concludes that plaintiff fails to establish his Eighth Amendment claim.

Plaintiff has failed to meet the objective component of the Eighth Amendment in this case. The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor

5

maladies or non-obvious complaints of a serious need for medical care," *Blackmore,* 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Kentucky,* 238 F.3d 739, 742 (6th Cir. 2001). Unlike cases where the seriousness of the injury or illness is obvious to even a lay person, here the seriousness of the delays in treating plaintiff's back pain cannot be discerned without competent medical proof. *Blackmore*, 390 F.3d at 899.

Plaintiff fails to present evidence showing he suffered from a sufficiently serious medical need. Plaintiff states that he suffered back pain from an automobile accident at some unspecified date prior to his arrival at the Butler County Jail. However, plaintiff fails to provide any medical or other evidence showing when the auto accident allegedly occurred, whether he received any medical treatment for his back following the accident, whether he was diagnosed with any particular condition relating to his back, and whether he had been prescribed medication, physical therapy, or any other treatment for his back prior to arriving at the Butler County Jail. Plaintiff was held at the Butler County Jail from November 2007 through January 2008, a period of three months. Plaintiff does not present any medical evidence or records for this three month period, nor does he present any medical evidence post-dating his detention at the Butler County Jail showing his diagnosis, treatment, or prognosis. Without any medical evidence substantiating that plaintiff suffers from a serious medical condition, plaintiff fails to establish the objective component of his deliberate indifference claim.

Assuming for purposes of the motion for summary judgment that plaintiff's back condition was a serious medical need, plaintiff nevertheless fails to present verifying medical evidence showing that the alleged delays in meeting that medical need presented a substantial

6

risk of serious harm to plaintiff. *See Maldonado-Zapon v. Unknown Crompton*, No. 1:05-cv-412, 2005 WL 2333507, *1 (W.D. Mich. Sept. 23, 2005) (inability to see a physician over approximately two and one-half months for back pain did not rise to level of a substantial risk of serious harm). *Cf. Estate of Carter v. City of Detroit*, 408 F.3d 305 (6th Cir. 2005) (police officer knew prisoner was complaining of chest pains and shortness of breath, was told that she had not had her heart medicine, and prisoner died of heart attack); *Garretson v. City of Madison Heights*, 407 F.3d 789 (6th Cir. 2005) (prisoner told booking officers that she was an insulin-dependent diabetic and had to be hospitalized day after not receiving insulin in jail); *Blackmore*, 390 F.3d 890 (delay in treatment of obvious medical emergency posed a substantial risk of serious harm to prisoner with "classic signs" of appendicitis). Plaintiff fails to present any medical evidence, such as medical records post-dating his release from the Butler County Jail, establishing a deterioration in his back condition attributable to Dr. Rogers' actions. Plaintiff states that "Dr. Rogers *generally* refused to prescribe even simple over-the-counter pain relievers to alleviate my needless suffering" (Doc. 24, Exh. 1, ¶6) (emphasis added), implying that there was no complete denial of medical treatment on the part of the defendant. There is simply no medical evidence showing that plaintiff's condition was somehow exacerbated by any delay in treatment by Dr. Rogers on the occasions he "generally refused" to prescribe medication for plaintiff's pain. These facts do not support a claim of deliberate indifference to serious medical needs.

There is a closer question on whether plaintiff establishes the subjective component of his deliberate indifference claim. Plaintiff's affidavit is somewhat confusing as to whether Dr. Rogers in fact prescribed medication for plaintiff, which plaintiff could not obtain because of his

indigency, or whether Dr. Rogers altogether refused to prescribe any medication for plaintiff. Plaintiff's affidavit states, "Dr. Rogers *generally* refused to prescribe even simple over-the-counter pain relievers to alleviate my needless suffering stating that my inability to afford such pain relievers at the jail commissary wasn't his problem. As a result of Dr. Rogers' refusal to prescribe simple pain relievers for me, I suffered a great deal of physical pain . . . ." (Doc. 24, Exh. 1, ¶¶5, 6).

Assuming Dr. Rogers refused to prescribe medication which plaintiff believed he needed, plaintiff presents no evidence that Dr. Rogers knew plaintiff faced a substantial risk of serious harm and ignored that risk by not prescribing medication. *Farmer,* 511 U.S. at 847. Dr. Rogers' evidence indicates that plaintiff did not have any acute medical condition relating to his back pain, such as a herniated disc, that required immediate medical treatment prior to his release from the jail. (Doc. 18, Exh. A, ¶6). Plaintiff has presented no evidence creating a material issue of fact that he suffered from a medical condition such that pain medication should have been prescribed.[2] Rather, the only evidence presented by plaintiff is his affidavit stating he told Dr. Rogers he "was suffering from a great deal of back pain." (Doc. 24, Exh. 1, ¶5). Under these circumstances, plaintiff's evidence establishes nothing more than a difference of opinion between plaintiff and his physician as to the necessity and type of treatment required. It does not,

---

[2]*Scott v. Ambani,* 577 F.3d 642 (6th Cir. 2009), citing by plaintiff in support of his claim, is factually and legally distinguishable. First, unlike the instant case, the inmate in *Scott* suffered from numerous, serious physical ailments of which the prison physician was aware, including recent treatment for prostate cancer, severe back and leg pain, and a testicular lump that was hard and painful. Despite this knowledge, the physician failed to provide the inmate with pain medication or examine his testicular lump for three months saying he did not have the time. Given the severity of the inmate's prior medical condition, the Sixth Circuit determined that the inmate adequately stated a claim for relief under the Eighth Amendment for a denial of medical care. Second, *Scott* was decided on a motion to dismiss with the inmate's factual allegations accepted as true and construed in the light most favorable to the inmate. Here, in contrast, the case is before the Court on a motion for summary judgment. Plaintiff at this stage in the proceedings is required to present sufficient evidence creating a material issue of fact for resolution by a jury. He simply has failed in this regard.

8

however, constitute deliberate indifference to medical needs. *See Estelle,* 429 U.S. at 107-108; *Westlake,* 537 F.2d at 860-861 n.5. Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*, 537 F.2d at 860 n. 5. At most, plaintiff may state a claim for malpractice, but "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Assuming Dr. Rogers did, at times, prescribe "simple over-the-counter pain relievers" but was indifferent to whether plaintiff could afford such medications or not, plaintiff may have a better case for establishing his deliberate indifference claim. *See, e.g., Martin v. Debruyn*, 880 F. Supp. 610 (N.D. Ind. 1995) (withholding of necessary medical care for want of payment from inmate who cannot pay violates inmate's constitutional rights *if* the medical needs are serious). However, because plaintiff has failed to present evidence establishing the objective component of his Eighth Amendment claim showing he in fact suffered a serious medical condition, defendant is nonetheless entitled to summary judgment on this claim.

On summary judgment, plaintiff is required to present verifiable medical evidence of harm resulting from the delay in receiving treatment for his back pain and that such harm was attributable to defendant Rogers. Plaintiff has failed to do so in this case. Therefore, plaintiff has failed to show his claim rises to the level of a constitutional violation. For the foregoing reasons, defendant's motion for summary judgment should be granted.

9

**IT IS THEREFORE RECOMMENDED:**

1. Defendant's motion for summary judgment (Doc. 18) should be **GRANTED**.

2. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of the Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 6/21/10

Timothy S. Hogan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALI A. KARIM ALADIMI,  Case No. 1:08-cv-810
Plaintiff  Barrett, J.
  Hogan, M.J.

vs

SHERIFF RICHARD K. JONES, et al.,

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).